IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JULIE HOFF, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-1721-L |
| | ) | |
| COMMUNITY MORTGAGE GROUP, | ) | |
| INC., a Colorado Corporation, | ) | |
| TOM HERERRA, in his individual | ) | |
| and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Plaintiff Julie Hoff, an individual, brings this action against defendants Community Mortgage Group, Inc., a Colorado Corporation, and Tom Hererra, in his individual and official capacity, alleging job discrimination in employment and intentional infliction of emotional distress.  This matter is before the court on the Motion to Dismiss filed by defendant Community Mortgage Group, Inc. ("CMG") pursuant to Fed. R. Civ. P. 12(b)(5) & (6).  CMG asserts that the Complaint should be dismissed for insufficiency of service of process and failure to state a claim. Plaintiff has responded to the motion.  Upon consideration of the submissions of the parties and the entire case file, the court finds that the Motion to Dismiss should be denied.

The court file reflects that the Complaint in this matter was filed on December 17, 2004.  Concerned that no effort had been made to effect service, the court issued its show cause order on May 3, 2005, directing plaintiff to file proof of service or show cause in writing as to why service had not been made.  Such filing was to be completed by May 18, 2005.  The court file reflects that plaintiff filed proof of service as to CMG on May 9, 2005, indicating in the return of service that service was made by certified mail on April 27, 2005.

CMG argues that plaintiff has failed to show good cause for the failure to serve CMG within the 120 day time frame allowed by Rule 4(m).  However, it is well established that under Fed. R. Civ. P. 4(m),[1] the court has the discretion to extend the time for effectuating service of process even if the plaintiff is unable to show good cause.  See Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995).  The court finds that under the circumstances presented here, a permissive extension of time is warranted.  Plaintiff complied with the terms of the court's show cause order which allowed plaintiff until May 18, 2005 to file proof of service.  In the exercise of its discretion, the court concludes that dismissal of

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

plaintiff's claims against CMG for insufficiency of service of process would not be appropriate.

The court also rejects CMG's argument that plaintiff's intentional infliction of emotional distress claim should be dismissed for failure to state a claim. It is well settled that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). The complaint must be construed in the light most favorable to plaintiff and all factual allegations in the complaint must be presumed to be true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade, 841 F.2d at 1526.

The court notes that plaintiff's tort claim is brought against both defendants. In reviewing the allegations of the Complaint, which must be accepted as true at this point, the court finds that CMG's arguments regarding the applicability of Oklahoma's Workers Compensation statute raise factual issues that are not appropriate for resolution on a motion to dismiss. At this early stage of the proceedings, the court cannot say that plaintiff can prove no set of facts in support of the claim for intentional infliction of emotional distress. Therefore, dismissal of this claim would not be appropriate at this time.

Accordingly, for the reasons stated above, the Motion to Dismiss filed by defendant Community Mortgage Group, Inc. **[Doc. No. 21]** should be and is hereby **DENIED.**

It is so ordered this 1st day of July, 2005.

_____
TIM LEONARD
United States District Judge